**CAMPANELLI, et, Plaintiffs-Appellants, v GINDLESPARGER, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20859.   Decided March 22, 1948.

Easly & Wursthorn, Cleveland, for plaintiffs-appellants.
Harry C. Gahn, Cleveland, for defendant-appellee.

## OPINION

By MORGAN, J.

Plaintiffs appellants, Charles and Mike Companelli, were engaged for some years prior to 1939 in the sand and gravel business in and about the city of Cleveland. In that year they purchased for use in their business an iron bin or hopper which they moved to the Anna Flynn farm in the Village of Independence.

The mayor of Independence in 1942 was chief of Civilian Defense in the village. As such chief he instituted a scrap drive and directed the defendant, a road foreman, to procure the bin which was stored at or near the Flynn farm, for scrap purposes. The defendant secured the services of a resident of Independence and ordered him to cut up the bin so that it might be hauled away. After being cut up the bin was hauled to the village storeyard and unloaded there with the rest of the scrap iron that had been collected.

The evidence did not show that the plaintiffs had abandoned the bin. No notice was served on the appellants that the bin was considered objectionable by the village and no legal proceedings were had to force its removal or to abate a nuisance. The bin had lain in the same location for three years without evidence of objection by anyone and there is no evidence that the bin obstructed the free use of the highway.

At the trial there was a sharp conflict of evidence as to the location of the bin. Plaintiffs' witnesses placed the bin on the Flynn farm some thirty feet from the highway. On the other hand the defendant's witnesses located the bin on the highway about four feet from the paved portion and parallel thereto.

Under the charge of the court the question of defendant's liability to plaintiffs, the owners of the bin, was made to depend upon the location of the bin. The court charged the jury as follows:

"So I say to you that if you find from a preponderance of the evidence that this property of the plaintiffs was located upon private property and it being admitted that the defendant did procure that property to be cut up and destroyed, then

your verdict in this case should be for the plaintiff. If you do not so find or if you find that it was located on the public highway, then your verdict should be for the defendant."

The court thereby charged the jury that if the bin, admittedly the property of the plaintiffs, was on the highway, although off the paved portion thereof, the defendant had the right to cut it up and to appropriate it without incurring any liability to the owner. This was clearly erroneous.

The cause is reversed for prejudicial error in the charge of the court, and is remanded for further proceedings according to law. Exceptions. Order See Journal.

HURD, PJ, SKEEL, J, concur.